HAMITER, Justice
(dissenting).
The holding of the majority, as I appreciate it, is predicated on an erroneous premise that, “* * * the obligation of Mrs. Breaux to her donor did not arise out of a contract, but solely as a result of her inheritance of the property by last will and testament.”
Mrs. Breaux was obligated not only to her donor, Mrs. Champagne, but also to and for the benefit of this defendant. Thus, under the agreement, she had promised Mrs. Champagne to transfer eventually to the defendant the bequeathed property. This being true, moreover, the obligation of Mrs. Breaux arose out of a contract, not solely as a result of the bequest contained in the will of the testatrix. Without the mentioned agreement *810 and promise of Mrs. Breaux there would have been no obligation on her part (neither to Mrs. Champagne nor to this defendant), for the bequest would have been made either unconditionally or not at all.
But the promise of Mrs. Breaux — her •obligation to transfer the property to defendant — was invalid. It, along with the bequest of which it became and formed a part, was and is reprobated by the provisions of Civil Code Article 1520 which treat of Substitutions and Fidei Commissa. In fact, both the obligation of Mrs. Breaux to transfer and the legacy in her favor were so invalid that the heirs of the testa-1 trix could have prevented her, as well as this defendant, from obtaining possession of the property. Nevertheless, the assumed obligation’s invalidity was for only a reason of general policy, which the law has deemed proper to adopt, not because it was immoral or unjust. It, therefore, was a natural obligation within the meaning and contemplation of Civil Code Article 1758, reading in part: “Natural obligations are of four kinds: 1. Such obligations as the law has rendered invalid for the want of certain forms or for some reason of general policy, but which are not in themselves immoral or unjust.”
And being a natural obligation it is governed by Civil Code Article 1759 which recites:
“Although natural obligations can not be enforced by action, they have the following effect [effects]:
“1. No suit will lie to recover what has been paid, or given in compliance with a natural obligation.
“2. A natural obligation is a sufficient consideration for a new contract.”
From all of which I conclude that the district court correctly rejected the demands of plaintiffs.
I respectfully dissent.